UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:

Peter T. Dvorak,                                    Case No. 9:11-bk-07437

    Debtor.                                        Chapter 7

_____/

Steven Iltz, individually and as Columbia
Equities NW, Citistic Resources, LLC,
James Randel III and MIS Vidas Trust,

    Plaintiffs,

                            Adversary Proceeding No.

vs.

Peter T. Dvorak,

    Defendant.

_____/

## COMPLAINT FOR VIOLATION OF FEDERAL
## SECURITIES FRAUD, STATE SECURITIES FRAUD,
## COMMON LAW FRAUD, EMBEZZLEMENT, CONVERSION
## AND TO DETERMINE NONDISCHARGEABILITY OF CLAIM (11 USC §523)

Plaintiffs, Steven Iltz (individually and through the assumed business name Columbia Equities NW) (hereafter referred to as "Iltz"), Citistic Resources, LLC, James Randel III and MIS Vidas Trust ("Plaintiffs") allege as follows:

### JURISDICTION AND VENUE

1.     This is a core proceeding to determine the dischargeability of certain debts owed Plaintiff by Defendant, Peter T. Dvorak ("Dvorak," the "Debtor," or the "Defendant"). To the extent of determining such dischargeability, this court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. § 1334.

2.     Venue is proper pursuant to 28 U.S.C. § 1409.

## NATURE OF ACTION

3.     This is an action seeking nondischargeability of debts under 11 U.S.C. §§ 523(a)(4) and 523(a)(19) for embezzlement, conversion, and violations of Federal securities laws (Section 10b and Rule 10b-5 of the Securities Exchange Act), Oregon securities laws (Or. Rev. Stat. ("ORS") 59.115 and ORS 59.135) and Oregon common law fraud, deceit, or manipulation in connection with the purchase or sale of securities.

4.     Plaintiffs Iltz, Randel and MIS Vidas Trust filed a motion seeking to lift the automatic stay in the Debtor's case (Main Case Docket #38) to pursue and liquidate their claims under Federal and State securities laws and/or common law fraud, deceit, or manipulation in connection with the purchase or sale of securities in Oregon state court.

5.     Plaintiff Citistic Resources, LLC filed a motion seeking the same relief (Main Case Docket #51) (collectively, the "Lift Stay Motions").

6.     11 U.S.C. § 523(a)(19) excepts from discharge any debt "that (A) is for (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934) [or] any of the State securities laws ...; or (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and (B) **results**, before, on, or after the date on which the petition was filed, **from − any judgment, order ... or decree entered in any Federal or State judicial or administrative proceeding**..." (emphasis added).

7.     No such judgment, order, or decree has been entered, and Plaintiffs have argued in the Lift Stay Motions that this Court lacks jurisdiction to make substantive determinations under 11 U.S.C. § 523(a)(19). In the event the Court grants the Lift Stay

Motions, Plaintiffs will liquidate their securities law claims in Oregon state court. Plaintiffs are filing this Complaint as a precautionary measure, to comply with the August 1, 2011 deadline for objecting to the dischargeability of any debts of the Debtor, and/or in the event the Court denies the Lift Stay Motions.

8.     To the extent the Lift Stay Motions are granted, this Complaint should be held in abeyance until Plaintiffs' substantive claims set forth in Counts 1-10 below are liquidated in a judgment, order or decree in Oregon state court. To the extent the Lift Stay Motions are not granted, Plaintiffs seek a judgment, order or decree on those Claims from this Court.

## PARTIES

9.     Plaintiffs Steven Iltz and James Randel III are individuals. Plaintiff MIS Vidas Trust is a trust. Plaintiff Citistic Resources, LLC is an Oregon LLC. Plaintiffs are creditors of the Debtor in the above-referenced bankruptcy case.

10.     Defendant, an individual, is the Debtor in the above-referenced bankruptcy case.

## BACKGROUND

11.     In 2005 through 2009, the Debtor made trips to the Portland, Oregon metropolitan area to solicit investors to invest in certain limited liability companies and other investment vehicles which were to purchase, construct, rehabilitate, manage and hold certain real estate related investments, many of which developments were located in Indiana and Illinois.     Mr. Iltz and Mr. Randel attended certain of the Debtor's presentations ("Road Shows") in the Portland, Oregon metropolitan area.

12.     At these Road Shows, the Debtor made many representations about the investments and properties. Additionally, the Debtor induced the sales of unregistered securities by (a) employing devices, schemes and articles to defraud, (b) engaging in acts, practices and business that operated as frauds upon the Plaintiffs herein, (c) making materially untrue statements of fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, in violation of ORS 59.115(b), ORS 59.135, and Section 10b Rule 10b-5 of the Securities Exchange Act. Included in the Debtor's misstatements and omissions were his: (a) failure to disclose the amount of debt on certain properties; (b) statements that certain investments made by Mr. Iltz and Mr. Randel would be secured by first-position security interests, when they were not; (c) failure to disclose over-subscription of certain investments, substantially in excess of the monies needed to purchase, rehabilitate and transact business with those investments; and (d) failure to disclose that certain tax credits from the state of Indiana that were represented as increasing the rate of return on certain investments were no longer qualifying tax credits under state law. Mr. Iltz and Mr. Randel believe that the Debtor was using funds from certain investments for other investments, that he was comingling funds between the various investment entities, and that he was paying off promissory notes given by one investment entity with funds of another investment entity through an arrangement commonly known as a "Ponzi scheme" and he failed to disclose such actions to the Plaintiffs.

13.     Plaintiff Iltz, by and through his solely owned limited liability company, Plaintiff Citistic Resources LLC ("Citistic"), purchased securities of and through Dvorak,

4

including an interest in Midwest Commercial Institute X, LLC, an Indiana limited liability company, on and about August 1, 2007 ("Iltz Sherman Investment").

14.   Plaintiffs Iltz and Citistic relied on Dvorak's untrue statements of material facts and omissions to state material facts in making the Iltz Sherman Investment.

15.   Plaintiff Iltz, by and through Citistic, purchased securities of and through Dvorak, including an interest in Pinnacle Hospitality Group II, LLC, an Indiana limited liability company, on or about July 24, 2008 ("Iltz Pinnacle Investment").

16.   Plaintiffs Iltz and Citistic relied upon Dvorak's untrue statements of material facts and omissions to state material facts in making the Iltz Pinnacle Investment.

17.   Plaintiff Iltz, through Columbia Equities NW, an assumed business name of Steven Iltz, purchased securities of and through Dvorak, including an interest in Midwest Commercial Properties, LLC, and a beneficial interest in Danville Investment Group, LLC, on or about May 15, 2006, ("Iltz Danville Investment").

18.   Plaintiff Iltz, under his assumed business name Columbia Equities NW, relied on Dvorak's untrue statements of material facts and omissions to state material facts in making the Iltz Danville Investment.

19.   Plaintiff James Randel, III, purchased securities of and through Dvorak, including an interest in Danville Investment Group LLC on or about May 15, 2006 ("Randel Danville Investment"), 89.41 percent of which was transferred to MIS Vidas Trust uad 8/28/09.

20.   Plaintiff Randel relied upon Dvorak's untrue statements of material fact and omission to state material facts in making the Randel Danville Investment

5

21.     Plaintiff Randel purchased securities of and through Dvorak, including a "profit" interest in Midwest Commercial Investments X, LLC, on or about August 1, 2007 ("Randel Sherman Investment"), 89.41 percent of which was transferred to MIS Vidas Trust uad 8/28/09.

22.     Plaintiff Randel relied upon Dvorak's untrue statements of material facts and omissions to state material facts in making the Randel Sherman Investment.

23.     For many years, Dvorak secreted the true facts and circumstances regarding the Iltz Sherman Investment, Iltz Pinnacle Investment, Iltz Danville Investment, Randel Danville Investment and Randel Sherman Investment, and also secreted the fact that with respect to the Plaintiffs herein, Dvorak (a) had made untrue statements of material facts and (b) omitted to state material facts which were required to be made pursuant to common law and the State and Federal securities laws regarding all of the investments set forth above.

24.     The Plaintiffs have retained Jeffrey W. Leasure, P.A. and Sussman, Shank, LLP, respectively, to represent them in this adversary proceeding and have agreed to pay said attorneys a reasonable fee for their services.

## FIRST CLAIM FOR RELIEF

### (Federal securities law – Iltz and Citistic Claims)

25.     Plaintiffs Iltz (also known as Columbia Equities NW) ("Iltz") and Citistic reallege paragraphs 1-24, above as fully set forth herein.

26.     Defendant Dvorak had an obligation not to make any untrue statements of material facts with regard to the sale of the Randel Sherman Investment, Iltz Pinnacle Investment, or Iltz Danville Investment, and had an affirmative obligation not to omit to

6

state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, pursuant to Section 10b and Rule 10b-5 of the Securities Exchange Act.

27. Defendant Dvorak breached his obligations to Plaintiffs Iltz and Citistic and has caused damages in the amount of $169,917.00 on the Iltz Sherman Investment, $210,000.00 on the Iltz Pinnacle Investment, and $181,715.75 on the Iltz Danville Investment. Interest accrues at a rate of 12% per annum from August 1, 2010 thereafter on the Iltz Sherman Investment. Interest accrues at a rate of 55.47% per annum from January 9, 2008 through May 24, 2010, and the legal rate of 9% per annum thereafter on the Iltz Pinnacle Investment. Interest accrues at a rate of 8% per annum from May 15, 2006 thereafter on the Iltz Danville Investment.

## SECOND CLAIM FOR RELIEF

## (State Securities Law – Iltz and Citistic Claims)

28. Plaintiffs Iltz (also as Columbia Equities Northwest) and Citistic reallege paragraphs 1-24 above, as fully set forth herein.

29. Defendant Dvorak's actions alleged herein violate Oregon Revised Statute Sections 59.115 and 59.135.

30. Defendant Dvorak breached his obligations to Plaintiffs Iltz and has caused damages in the amount of $169,917.00 on the Iltz Sherman Investment, $210,000.00 on the Iltz Pinnacle Investment, and $181,715.75 on the Iltz Danville Investment. Interest accrues at a rate of 12% per annum from August 1, 2010 thereafter on the Iltz Sherman Investment. Interest accrues at a rate of 55.47% per annum from January 9, 2008 through May 24, 2010, and the legal rate of 9% per annum

thereafter on the Iltz Pinnacle Investment. Interest accrues at a rate of 8% per annum from May 15, 2006 thereafter on the Iltz Danville Investment.

31. Plaintiffs Iltz and Citistic are entitled to attorney fees pursuant to ORS 59.137(4).

32. Plaintiff Iltz and Citistic reserve their right to seek punitive damages as allowed by Oregon law.

## THIRD CLAIM FOR RELIEF

### (Federal Securities Fraud – Randel and MIS Vidas Trust Claims)

33. Plaintiffs Randel and MIS Vidas Trust reallege paragraphs 1-24 above, as fully set forth herein.

34. Defendant Dvorak breached his obligations to Plaintiff Randel and MIS Vidas Trust ("Trust") and has caused damages in the amount of $97,231.05 on the Randel Sherman Investment and $54,157.35 on the Randel Danville Investment. Interest accrues at a rate of 12% per annum beginning August 1, 2010 on the Randel Sherman Investment. Interest accrues at a rate of 8% per annum beginning May 15, 2006 on the Randel Danville Investment.

## FOURTH CLAIM FOR RELIEF

### (State Securities Law – Randel and Trust Claims)

35. Plaintiffs Randel and Trust reallege paragraphs 1-24 above, as fully set forth herein.

36. Defendant Dvorak's actions herein violate Oregon Revised Statute Sections 59.115 and 59.135.

37. Defendant Dvorak breached his obligations to Plaintiff Randel and Trust and has caused damages in the amount of $97,231.05 on the Randel Sherman Investment and $54,157.35 on the Randel Danville Investment. Interest accrues at a rate of 12% per annum beginning August 1, 2010 thereafter on the Randel Sherman Investment. Interest accrues at a rate of 8% per annum beginning May 15, 2006 on the Randel Danville Investment.

38. Plaintiffs Randel and Trust are entitled to attorney fees pursuant to ORS 59.137 (4).

## FIFTH CLAIM FOR RELIEF

### (Common law fraud, deceit, or manipulation in connection with the purchase or sale of securities – Iltz and Citistic Claims)

39. Plaintiffs Iltz and Citistic reallege paragraphs 1-24 and 26, 27 and 29-32 above, as fully set forth herein.

40. Defendant Dvorak made untrue representations of material facts which he knew were false and/or failed to reveal the truth regarding the Iltz Sherman Investment, Iltz Pinnacle Investment and the Iltz Danville Investment and Dvorak intended that Iltz and Citistic rely on his false statements, and it was reasonable that Iltz and Citistic would rely thereon. Iltz and Citistic did not have knowledge of the falsity of Dvorak's untrue statements and reasonably relied thereon.

41. Defendant Dvorak breached his obligations to Plaintiffs Iltz and Citistic and intentionally, or with malicious disregard for the truth, failed to fulfill his legal obligations of disclosure to the Plaintiffs, and has caused damages in the amount of $169,917.00 on the Iltz Sherman Investment, $210,000.00 on the Iltz Pinnacle Investment, and

9

$181,715.75 on the Iltz Danville Investment. Interest accrues at a rate of 12% per annum beginning August 1, 2010 on the Iltz Sherman Investment. Interest accrues at a rate of 55.47% per annum from January 9, 2008 through May 24, 2010, and the legal rate of 9% per annum thereafter on the Iltz Pinnacle Investment. Interest accrues at a rate of 8% per annum beginning May 15, 2006 on the Iltz Danville Investment.

42.     Plaintiffs Steven Iltz and Citistic reserve their right to seek punitive damages as allowed by Oregon law.

## SIXTH CLAIM FOR RELIEF

## (Common law fraud, deceit, or manipulation in connection with the purchase or sale of securities – Randel and Trust Claims)

43.     Plaintiffs Randel and Trust reallege paragraphs 1 – 24, 34 and 36-38 above, as fully set forth herein.

44.     Defendant Dvorak made untrue representations of material facts which he knew were false and/or failed to reveal the truth regarding the Randel Sherman Investment and the Randel Danville Investment, and Dvorak intended that Randel and Trust rely on his false statements, and it was reasonable that Randel and Trust would rely thereon. Randel and Trust did not have knowledge of the falsity of Dvorak's untrue statements and reasonably relied thereon.

45.     Defendant Dvorak breached his obligations to Plaintiff Randel and Trust and intentionally, or with malicious disregard for the truth, failed to fulfill his legal obligations of disclosure to the Plaintiffs, and has caused damages in the amount of $97,231.05 on the Randel Sherman Investment and $54,157.35 on the Randel Danville Investment. Interest accrues at a rate of 12% per annum beginning August 1, 2010 on

10

the Randel Sherman Investment. Interest accrues at a rate of 8% per annum beginning May 15, 2006 on the Randel Danville Investment.

46. Plaintiffs Randel and Trust reserve their right to seek punitive damages as allowed by Oregon law.

## SEVENTH CLAIM FOR RELIEF

### (Embezzlement – Iltz and Citistic Claims)

47. Plaintiffs Iltz and Citistic reallege paragraphs 1 - 24 and 26, 27, 29-32 and 40-42 above, as fully set forth herein.

48. With intent to take funds under his control and divert them for his own use or for uses for which he was not authorized, Dvorak illegally converted Iltz's and Citistic's funds for such unauthorized purposes.

49. Defendant Dvorak breached his obligations to Plaintiffs Iltz and Citistic and intentionally embezzled Iltz and Citistic's funds, which has caused damages in the amount of $169,917.00 on the Iltz Sherman Investment, $210,000.00 on the Iltz Pinnacle Investment, and $181,715.75 on the Iltz Danville Investment. Interest accrues at a rate of 12% per annum beginning August 1, 2010 on the Iltz Sherman Investment. Interest accrues at a rate of 55.47% per annum from January 9, 2008 through May 24, 2010, and the legal rate of 9% per annum thereafter on the Iltz Pinnacle Investment. Interest accrues at a rate of 8% per annum beginning May 15, 2006 on the Iltz Danville Investment.

50. Plaintiffs Iltz and Citistic reserve their right to seek punitive damages under Oregon law.

## EIGHTH CLAIM FOR RELIEF

### (Embezzlement – Randel and Trust Claims)

51.　　Plaintiffs Randel and Trust reallege paragraphs 1 – 24, 34, 36-38 and 44-46 above, as fully set forth herein.

52.　　With intent to take funds under his control and divert them for his own use or for uses for which he was not authorized, Dvorak illegally converted Randel's and Trust's funds for such unauthorized purposes.

53.　　Defendant Dvorak breached his obligations to Plaintiff Randel and Trust and intentionally, or with malicious disregard for the truth, failed to fulfill his legal obligations of disclosure to the Plaintiffs, and has caused damages in the amount of $97,231.05 on the Randel Sherman Investment and $54,157.35 on the Randel Danville Investment. Interest accrues at a rate of 12% per annum beginning August 1, 2010 on the Randel Sherman Investment. Interest accrues at a rate of 8% per annum beginning May 15, 2006 on the Randel Danville Investment.

54.　　Plaintiffs Randel and Trust reserve their right to seek punitive damages under Oregon law.

## NINTH CLAIM FOR RELIEF

### (Conversion – Iltz and Citistic Claims)

55.　　Plaintiff Iltz and Citistic reallege paragraphs 1 - 24 and 26, 27, 29-32, 40-42 and 48-50 above, as fully set forth herein.

56.　　Defendant Dvorak committed conversion when he intentionally and illegally converted Iltz's and Citistic's funds to his use (or to entities or persons that he controlled) or for uses for which he was not authorized.

12

57. Defendant Dvorak breached his obligations to Plaintiffs Iltz and Citistic and intentionally converted Iltz's and Citistic's funds, which has caused damages in the amount of $169,917.00 on the Iltz Sherman Investment, $210,000.00 on the Iltz Pinnacle Investment, and $181,715.75 on the Iltz Danville Investment. Interest accrues at a rate of 12% per annum beginning August 1, 2010 on the Iltz Sherman Investment. Interest accrues at a rate of 55.47% per annum from January 9, 2008 through May 24, 2010, and the legal rate of 9% per annum thereafter on the Iltz Pinnacle Investment. Interest accrues at a rate of 8% per annum beginning May 15, 2006 on the Iltz Danville Investment.

58. Plaintiffs Iltz and Citistic reserve their right to seek punitive damages under Oregon law.

## TENTH CLAIM FOR RELIEF

### (Conversion – Randel and Trust Claims)

59. Plaintiffs Randel and Trust reallege paragraphs 1 – 24, 34, 36-38, 44-46, 52-54 above, as fully set forth herein.

60. Defendant Dvorak committed conversion when he intentionally and illegally converted Randel's and Trust's funds to his (or to entities or persons that he controlled) use or for uses for which he was not authorized.

61. Defendant Dvorak breached his obligations to Plaintiff Randel and Trust and intentionally converted Randel's and Trust's funds, which has caused damages in the amount of $97,231.05 on the Randel Sherman Investment and $54,157.35 on the Randel Danville Investment. Interest accrues at a rate of 12% per annum beginning

August 1, 2010 on the Randel Sherman Investment. Interest accrues at a rate of 8% per annum beginning May 15, 2006 on the Randel Danville Investment.

62.     Plaintiffs Randel and Trust reserve their right to seek punitive damages as allowed by Oregon law.

### ELEVENTH CLAIM FOR RELIEF

### (§ 523(a)4))

63.     Plaintiffs reallege paragraphs 1-62 above, as fully set forth herein.

64.     The debts owed to Plaintiffs by the Debtor pursuant to Counts 1-10 above are nondischargeable under §523(a)4.

### TWELFTH CLAIM FOR RELIEF

### (§ 523(a)(19)

65.     Plaintiffs reallege paragraphs 1-62 above, as fully set forth herein.

66.     The debts owed to Plaintiffs by the Debtor pursuant to Counts 1-10 above are nondischargeable under § 523(a)(19).

WHEREFORE, Plaintiff prays for relief as follows:

1.     Judgment against the Defendant on the FIRST, FIFTH, SEVENTH and NINTH Claims for Relief (related to Iltz and Citistic) in the amount of $561,632.75, plus interest at the rate specified in such Claims, plus costs.

2.     Judgment against the Defendant on the THIRD, SIXTH, EIGHTH, and TENTH Claims for Relief (relating to Randel and Trust) in the amount of $151,388.40, plus interest at the rate specified in such Claims, plus costs.

3.   Judgment against the Defendant on the SECOND Claim for Relief (relating to Iltz and Citistic) in the amount of $561,632.75, plus interest at the rate of specified in that Claim, plus attorney fees and costs.

4.   Judgment against the Defendant on the FOURTH Claim for Relief (related to Randel and the Trust) in the amount of $151,388.40, plus interest at the rate specified in that Claim, plus attorney fees and costs.

5.   Judgment against the Defendant on the ELEVENTH AND TWELFTH Claims for Relief determining that the debts owed to Plaintiffs by the Debtor pursuant to Counts 1-10 above are nondischargeable;

6.   For Plaintiff's costs and disbursements incurred herein; and

7.   For such other and further relief as the Court may deem just and equitable.

Dated this 22ⁿᵈ day of July, 2011.

Jeffrey W. Leasure, Esq.
Florida Bar No. 348287
JEFFREY W. LEASURE, P.A.
Attorneys for Steven Iltz,
James Randel III and MIS Vidas Trust
P.O. Box 61169
Fort Myers, FL 33906-1169
Telephone No. (239) 275-7797
Telefax No. (239) 275-6856
Email: jwl@leasurelaw.com