UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE | Case No. 9:11-BK-07437-BSS |
| PETER T. DVORAK | Chapter 7 |
| Debtor. / | |
| STEVEN ILTZ, CITISIC RESOURCES, LLC, JAMES RANDEL III, AND MIS VIDAS TRUST | Adv. No. 9:11-ap-00819-BSS |
| Plaintiff, | |
| vs. | |
| PETER T. DVORAK, | |
| Defendant. / | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Debtor, Peter T. Dvorak, by and through undersigned counsel, files this Answer and Affirmative Defenses to the Complaint for Federal Securities Fraud, State Securities Fraud, Common Law Fraud, Embezzlement, Conversion and to Determine the Dischargeability of Debt Pursuant to 11 U.S.C. § 523 (the "Complaint"), and states as follows:

## ANSWER

## JURISDICTION AND VENUE

1. Admit that this is a core proceeding as to the non-dischargeability claims asserted in the Eleventh and Twelfth Claims for Relief set forth in the Complaint. Otherwise denied.

2. Admit.

## Nature of Action

3. Defendant denies that Plaintiff is entitled to any relief through this action, but otherwise admits the remaining allegations of Paragraph 3 of the Complaint.

4. Admit.

5. Admit.

6. Paragraph 6 does not set forth a factual allegation to which the Debtor is required to admit or deny, but rather a legal provision which the Debtor does not dispute.

7. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Denied.

## PARTIES

9. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. Admit.

## BACKGROUND

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Federal Securities Law – Iltz and Citistic Claims)

25. Defendant repeats and reasserts each and every response to the allegations in paragraphs 1 through 24 as set forth above as if fully set forth herein.

26. Denied.

27. Denied.

## SECOND CLAIM FOR RELIEF

### (State Securities Law – Iltz and Citistic Claims)

28. Defendant repeats and reasserts each and every response to the allegations in paragraphs 1 through 24 as set forth above as if fully set forth herein.

29. Denied.

30. Denied.

31. Denied.

32. The Debtor denies the assertion that the Plaintiffs Iltz and Citistic have a right to seek punitive damages.

## THIRD CLAIM FOR RELIEF

### (State Securities Law – Randel and Trust Claims)

33. Defendant repeats and reasserts each and every response to the allegations in paragraphs 1 through 24 as set forth above as if fully set forth herein.

34. Denied.

**FOURTH CLAIM FOR RELIEF**

**(State Securities Law – Randel and Trust Claims)**

35. Defendant repeats and reasserts each and every response to the allegations in paragraphs 1 through 24 as set forth above as if fully set forth herein.

36. Denied.

37. Denied.

38. The Debtor denies the assertion that Plaintiffs Randel and Trust have a right to seek punitive damages.

**FIFTH CLAIM FOR RELIEF**

**(Common law fraud, deceit or manipulation in connection with the purchase or sale of securities – Iltz and Citistic Claims)**

39. Defendant repeats and reasserts each and every response to the allegations in paragraphs 1 through 24, and 26, 27 and 29 through 32 of the Complaint as set forth above as if fully set forth herein.

40. Denied.

41. Denied.

42. The Debtor denies the assertion that the Plaintiffs Iltz and Citistic have a right to seek punitive damages.

**SIXTH CLAIM FOR RELIEF**

**(Common law fraud, deceit, or manipulation in connection with the purchase or Sale of securities – Randel and Trust Claims)**

43. Defendant repeats and reasserts each and every response to the allegations in paragraphs 1 through 24, 34 and 36-38 of the Complaint as set forth above as if fully set forth herein.

44. Denied.

45. Denied.

46. The Debtor denies the assertion that the Plaintiffs Randel and Trust have a right to seek punitive damages.

## SEVENTH CLAIM FOR RELIEF

**(Embezzlement – Iltz and Citistic Claims)**

47. Defendant repeats and reasserts each and every response to the allegations in paragraphs 1 through 24 and 26, 27, 29 through 32 and 40 through 42 as set forth above as if fully set forth herein.

48. Denied.

49. Denied.

50. The Debtor denies the assertion that athe Plaintiffs Iltz and Citistic have a right to seek punitive damages.

## EIGHTH CLAIM FOR RELIEF

**(Embezzlement – Randel and Trust Claims)**

51. Defendant repeats and reasserts each and every response to the allegations in paragraphs 1 through 24, 34, 36 through 38, and 44 through 46 as set forth above as if fully set forth herein.

52. Denied.

53. Denied.

54. The Debtor denies the assertion that the Plaintiffs Randel and Trust have a right to seek punitive damages.

## NINTH CLAIM FOR RELIEF

### (Conversion – Iltz and Citistic Claims)

55. Defendant repeats and reasserts each and every response to the allegations in paragraphs 1 through 24 and 26, 27, 29 through 32, 40 through 42 and 48 though 50 as set forth above as if fully set forth herein.

56. Denied.

57. Denied.

58. The Debtor denies the assertion that Plaintiffs Iltz and Citistic have a right to seek punitive damages.

## TENTH CLAIM FOR RELIEF

### (Conversion – Randel and Trust Claims)

59. Defendant repeats and reasserts each and every response to the allegations in paragraphs 1 through 24, 34, 36 through 38, 44 through 46, and 52 through 54 as set forth above as if fully set forth herein.

60. Denied.

61. Denied.

62. The Debtor denies the assertion that the Plaintiffs Randel and Trust have a right to seek punitive damages.

## ELEVENTH CLAIM FOR RELIEF

## (§ 523(a)(4))

63. Defendant repeats and reasserts each and every response to the allegations in paragraphs 1 through 62.

64. Denied.

## TWELFTH CLAIM FOR RELIEF

## (§ 523(a)(19))

65. Defendant repeats and reasserts each and every response to the allegations in paragraphs 1 through 62.

66. Denied.

WHEREFORE, the Debtor demand judgment in his favor and against Plaintiff, and for and award of attorney's fees pursuant to 11 U.S.C. § 523(d), and for such other and further relief the Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiffs fail to state a cause of relief upon which relief can be granted.

**Second Affirmative Defense**

Plaintiffs claims are barred by the applicable statute of limitations. Specific to Plaintiff's purported claims for federal securities fraud, Plaintiff's claims are barred because they were not brought within the earlier of two years after the discovery of the facts constituting the alleged violation, or within five years after the date of the purchase or sale of the security.

**Third Affirmative Defense**

Plaintiffs claims are barred by the merger and/or non-reliance clauses contained in the operative agreements governing Plaintiffs' investments.

**Fourth Affirmative Defense**

Plaintiffs claims are barred by the doctrine of unjustified reliance. The documents and agreements governing Plaintiff's investments specifically disclaim Plaintiff's reliance on any representations or omissions outside of the agreements themselves. Therefore, Plaintiff's claimed reliance on any such misrepresentation or omissions is unjustified as a matter of law.

**Fifth Affirmative Defense**

Plaintiffs' claims are barred because they cannot show the requisite intent as a matter of law. In connection with Plaintiff's investments the Defendant, at all times, acted in good faith, made no material misrepresentations or omissions during the relevant period, was not a participant in any alleged wrongful conduct challenged by Plaintiffs, and did not act with scienter.

**Sixth Affirmative Defense**

Plaintiffs' claims are barred because any losses Plaintiff suffered in connection with his investments were the result of market forces beyond Defendant's control, and not the result of any wrongdoing on the part of the Defendant.

**Seventh Affirmative Defense**

Plaintiff's claims are barred or should be reduced to the extent that Plaintiff has failed to mitigate its damages.

**Eighth Affirmative Defense**

Plaintiff's claims are barred by the operation of the equitable doctrines of estoppel, *in pari delicto*, waiver and laches.

| | |
|---|---|
| Dated: October 12, 2011 | **GENOVESE JOBLOVE & BATTISTA, P.A.**<br>100 S.E. Second Street, Suite 4400<br>Miami, Florida 33131<br>Tel. (305) 349-2300<br>Fax. (305) 349-2310 |
| | By: /s/ Monique D. Hayes<br>    Monique D. Hayes, Esq.<br>    Florida Bar No. 0843571<br>    mhayes@gjb-law.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile, CM/ECF, and/or first-class postage-prepaid U.S. Mail to all parties on the attached service list this 12th day of October 2011.

## SERVICE LIST

Jeffrey W. Leasure, Esq.
Jeffrey W. Leasure, PA
P O Box 61169
Fort Myers, FL 33906-1169
239-275-7797
Fax : 239-275-6856
Email: jwl@leasurelaw.com